**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JULIO REINALDO BOMBON VACA, Petitioner, v. ANTONE MONIZ, et al., Respondents. | ) | Civil Action No. 1:26-CV-14819-AK |

**MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

**KELLEY, D.J.**

Petitioner Julio Reinaldo Bombon Vaca, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") contesting the legal basis and constitutionality of his detention. [Dkt. 1]. Bombon Vaca seeks release or a custody determination hearing relating to his "withholding only" immigration proceedings. Bombon Vaca claims that Immigration and Customs Enforcement ("ICE") failed to provide him with notice of the grounds for revoking his order of supervision in violation of its own regulations. Respondents oppose his release [Dkt. 10], stating Petitioner's detention is lawful and constitutional pursuant to 8 U.S.C. § 1231(a)(6). For the following reasons, the Petition [Dkt. 1] is **DENIED**.

## I. BACKGROUND

Petitioner is an Ecuadorian national subject to a reinstated final order of removal. [See Dkt. 10-1]. Petitioner was ordered removed from the United States in May 2019 and thereafter was deported. [Id.]. On or about August 22, 2021, he re-entered the United States without

authorization and his removal order was reinstated. [Id.]. Petitioner was released from custody pursuant to an Order of Supervision ("OSUP") on or about December 13, 2021. [See Dkt. 10-4 at 5-9]. One condition of the OSUP was that Petitioner "not commit any crimes while on this Order of Supervision." [Id.]. On March 14, 2025, an Immigration Judge ("IJ") denied Petitioner's application for protection from removal. [See Dkt. 10-5]. Petitioner appealed the denial to the Board of Immigration Appeals ("BIA") and such appeal remains pending. [Id.].

On July 11, 2026, Petitioner was arrested and charged with "Driving While Intoxicated" by the Police Department of Brewster, New York. [See Dkt. 10-2]. On September 2, 2026, ICE arrested Petitioner and served him with a "Notice of Revocation of Release" [Dkt. 10-2], advising him that the agency was revoking his release pursuant to 8 C.F.R. § 241.4(l) because he violated a condition of his release. ICE also conducted an informal interview on September 2, 2026, to provide him with an opportunity to respond to the reasons for revocation. [Id.]. On October 19, 2026, ICE served Petitioner with a Notice to Alien of File Custody Review [Dkt. 10-6], explaining that ICE would be reviewing his custody status on or about November 21, 2026, and that Petitioner could submit documentation in support of his release by November 16, 2026.

Petitioner filed this Petition for Writ of Habeas Corpus on October 26, 2026. [Dkt. 1]. Petitioner asks the Court to review the "legal basis and constitutionality of detention" and "[o]rder an appropriate custody hearing or release, if the Court finds such relief warranted." [Id. ¶ 15]. He contends that ICE arrested him on September 2, 2026, and provided "no explanation or written documentation identifying the legal basis for custody" and that he has not received a bond hearing since his detention. [Dkt. 1-1 at 1].

## II. LEGAL STANDARD

28 U.S.C. § 2241(c) confers jurisdiction on this Court to order the release of any person

who is held in the custody of the United States in violation of the "laws . . . of the United States" or the United States Constitution. The burden rests on the person in custody to prove his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009) (citing Walker v. Johnston, 312 U.S. 275, 286 (1941)). Here, Petitioner challenges his detention, and "not the merits of an asylum application or any final removal order." [Dkt. 1-1 at 1].

## III. DISCUSSION

Petitioner asserts that his arrest and subsequent detention at his routine check-in on September 2, 2026, was unlawful. The Court first assesses whether ICE violated its own regulations by revoking Petitioner's OSUP, and then considers whether his detention violates due process.

### A. Revocation of Release Pursuant to 8 C.F.R. § 241.4

The detention of noncitizens subject to final orders of removal—including reinstated final orders of removal—is governed by 8 U.S.C. § 1231. Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021). Section 1231(a) provides that immigration officials "shall remove" a noncitizen subject to a final order of removal during a ninety-day statutory "removal period." 8 U.S.C. § 1231(a)(1). Detention is mandatory during the removal period. Id. § 1231(a)(2)(A). If the noncitizen is not removed during the removal period, they ordinarily "shall" be released on supervision "under regulations prescribed by the Attorney General." Id. § 1231(a)(3).

Here, Respondents assert, and Petitioner does not contest, that the revocation of Petitioner's release is governed by 8 C.F.R. § 241.4. Section 241.4 provides that release granted after the expiration of the removal period may be revoked in certain circumstances, including when the noncitizen "violates any condition of release" or the noncitizen's conduct "indicates that release would no longer be appropriate." 8 C.F.R. § 241.4(l)(1), (2). The noncitizen must be

"notified of the reasons for revocation" "[u]pon revocation." Id. § 241.4(l)(1). The noncitizen must also be provided "an initial informal interview promptly after his or her return to . . . custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." Id. If the noncitizen is not released from custody after this informal interview, he is entitled to the review process set forth in other subsections of the regulation for noncitizens who are not released after expiration of the removal period. Id. § 241.4(l)(3); see also id. §§ 241.4(h), (i), (k).

Petitioner claims that ICE violated its regulations and arrested him with no explanation or written documentation. The record before the Court, however, does not support this contention. On September 2, 2026, the day of his arrest, the government issued Petitioner a written revocation notice stating that ICE was revoking his release pursuant to 8 C.F.R. § 241.4(l). [Dkt. 10-2]. The notice also explains the reason for the revocation, that is, because Petitioner violated a condition of his release, specifically, "On July 11, 2026, the Brewster, NY Police Department arrested and charged you with Driving While Intoxicated." [Id.]. ICE also conducted an informal interview to explain to Petitioner the reason for revoking his OSUP and returning him to detention, as well as providing him with the opportunity to respond. [Dkt. 10-3]. Additionally, ICE provided written notice to Petitioner concerning his next custody review, currently scheduled for on or about November 21, 2026. [See Dkt. 10-6]; 8 C.F.R. § 241.4(l)(3) (explaining that this custody review "will include a final evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release"). Accordingly, ICE complied with the relevant regulations and the revocation of Petitioner's OSUP was lawful.

**B. Due Process**

Petitioner next challenges the lawfulness of his detention under 28 U.S.C. § 2241. Section 2241 "habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention." Zadvydas v. Davis, 533 U.S. 678, 679 (2001). In Zadvydas, the Supreme Court set forth a framework for analyzing the constitutionality of post-final-removal-order detention under 8 U.S.C. § 1231(a)(6). Id. at 701. Specifically, the Court held that post-final-removal-order detention under Section 1231 is presumptively reasonable for six months. Id. "After the 6-month period, once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing." Id. at 680.

An individual with a reinstated removal order is subject to detention under 8 U.S.C. § 1231 and is "not entitled to a bond hearing while they pursue withholding of removal." Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021). In Johnson v. Arteaga-Martinez, the Supreme Court held that Section 1231(a)(6) authorizes the detention of an individual with a reinstated final order of removal at ICE's discretion and does not contemplate bond hearings or release for individuals covered by this provision. 596 U.S. 573, 574, 580-81 (2022). The Court explained that Section 1231(a)(6)'s plain text "says nothing about bond hearings before immigration judges or burdens of proof" and therefore held no such statutory requirement to conduct bond hearings existed. Id. at 581.

Petitioner's due process claim primarily relies upon his assertions that the revocation of his release did not comply with ICE's regulations. As discussed above, the revocation of the Petitioner's OSUP and detention pursuant to Section 1231(a)(6) was lawful. To the extent Bombon Vaca seeks release on the basis of Zadvydas, his argument fails. Petitioner has

presently been detained for approximately three months, which is less than the six-month period that the Supreme Court found presumptively constitutional. Accordingly, upon consideration of the details of Petitioner's immigration history provided by Respondents, Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus [Dkt. 1] is **DENIED**.

**SO ORDERED**.

Dated: November 20, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge